**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTHA MARY SCHWING,** | : | |
| **Individually and as Administratrix** | : | **No. 1:10-CV-124** |
| **of the Estate of KEVIN LEE SCHWING,** | : | |
| | : | **(Chief Judge Kane)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BGHA, INC. d/b/a BIG GAME** | : | |
| **TREESTANDS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's motion to transfer venue (Doc. No. 9). The

motion has been fully briefed and is ripe for disposition. For the following reasons, the motion

will be granted.

**I.    BACKGROUND**

This case arises from injuries that Plaintiff's decedent husband was alleged to have

incurred at home in Elizabethtown, Pennsylvania, from Defendants' product on September 29,

2007. Plaintiff alleges that the decedent purchased a "Big Game Treestand," which included two

full body harnesses, from the Bass Pro Shop Store in Harrisburg, Pennsylvania. Plaintiff alleges

that the decedent was using the product in his backyard when it allegedly failed and caused him

to suffer injury. The case was filed against Defendants on September 24, 2009, in the Court of

Common Pleas in Philadelphia County. On January 19, 2010, the case was removed by

Defendant BGHA, Inc. d/b/a Big Game Treestands, to this Court.[1] (Doc. No. 1.)

---

[1] All defendants concurred to removal. (Doc. No. 1-6.)

On February 18, 2010, Plaintiff filed her motion to transfer venue and supporting brief. (Doc. Nos. 9, 10.) On February 24, 2010, Defendants filed their brief in opposition. (Doc. No. 13.)

## II.    DISCUSSION

The motion before the Court presents itself in a somewhat fuddled fashion because, while it presents itself as a transfer of venue motion, it raises questions about removal. In the present case, Defendants committed at least one crucial error in their removal: Defendants removed the action to the wrong district.[2] Pursuant to 28 U.S.C. § 1441(a), a defendant may remove any action "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Here, Plaintiff filed her suit in state court in Philadelphia County, which is "embrac[ed]" by the Eastern District of Pennsylvania. See 28 U.S.C. § 118. Therefore, Defendants could have properly removed the case to the Eastern District of Pennsylvania. However, Defendants instead filed the suit in the Middle District of Pennsylvania, which does not "embrac[e]" Philadelphia County, and where removal was therefore improper. See id.

As a result, the Court is faced with the question of recourse. Courts have taken two different approaches when a party removes a case to the improper federal court district. The divergence is based on the courts' characterization of the filing error. Under the first approach, the error is viewed as jurisdictional, and the district court is to remand the case pursuant to 28

---

[2] The Court notes that the parties also dispute whether Defendants could have ascertained that there was diversity jurisdiction before January 19, 2010, when Defendants filed their notice of removal. However, because this issue is not squarely before the Court, the Court will decline to make a determination on the timing of Defendants' filing.

U.S.C. § 1441(a). See Maysey v. CraveOnline Media, LLC, No. 09-cv-1364, 2009 WL 3740737, at *2 (D. Ariz. Nov. 5, 2009) (collecting authority); see also 28 U.S.C. § 1441(a). Under the second approach, the improper removal is viewed as a procedural defect, which may be remedied by transferring the case to the correct division pursuant to 28 U.S.C. § 1406(a). See Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994) ("Although [defendants] removed this case to the wrong division, there is no doubt that the district court had subject matter jurisdiction under 28 U.S.C. § 1332, given the parties' diversity of citizenship."); see also 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

This Court finds that the circumstances of the present case warrant transfer rather than remand. As in Kreimerman, given the amount in controversy and the parties' diversity of citizenship, there is no challenge that the district court lacks subject matter jurisdiction under 28 U.S.C. § 1332. Kreimerman, 22 F.3d at 645. Therefore, "[t]he existence of such jurisdiction makes this case much more akin to an improper venue situation than to one in which there is an actual jurisdictional defect." Id. By transferring the case to the Eastern District of Pennsylvania, the federal court will be able to determine whether the case has been timely removed. If Defendants prevail on that issue, the federal court of the Eastern District of Pennsylvania "can then determine whether the matter should be transferred back to this Court for further proceedings." McPeek v. Tandy LLC, No. 2:09-146, 2010 WL 399109, at *4 (E.D. Ky. Jan. 25, 2010). Although this approach may be slightly inefficient, "it would appear to be a better option than simply remanding the matter to state court, only to have the case again removed" and

raising further questions about the timing of removal.  See id. at *4 & n.2.  In addition, this course of action is the one advocated for by Plaintiff, who has moved for a transfer rather than remand.  See Maysey, 2009 WL 3740737, at *2 (noting that its determination that remand was the proper course of action was supported both by courts' construction of the removal statute and the plaintiff's refusal to stipulate to a transfer); see also Wiltz v. Middlesex County Office of Prosecutor, 249 Fed. Appx. 944, 948 (3d Cir. 2007) (unpublished opinion) (finding that although appellant raised a likely meritorious objection to removal where all defendants failed to sign a notice of removal, the defect was only procedural and defendants "implicitly endorsed removal").

III.    CONCLUSION

        Having considered the parties' briefs, the Court concludes that this action was improperly removed to the Middle District of Pennsylvania under 28 U.S.C. 1441(a).  However, under 28 U.S.C. § 1406(a) and in the interest of justice, the matter will be transferred to the United States District Court for the Eastern District of Pennsylvania.

        **ACCORDINGLY**, on this 11th day of June 2010, it is **HEREBY ORDERED THAT** the above-captioned case is transferred to the Eastern District of Pennsylvania for further proceedings.

                                        /s/ Yvette Kane
                                        Yvette Kane, Chief Judge
                                        United States District Court
                                        Middle District of Pennsylvania